IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**LEROY JOHNSON, JR.,**

        Plaintiff,

  vs.                                      Civil Action  2:13-cv-583
                                              Judge Economus
                                              Magistrate Judge King

**CORRECTIONAL OFFICER HERREN,** *et al.*,

        Defendants.

<u>ORDER AND</u>
<u>REPORT AND RECOMMENDATION</u>

Plaintiff, an inmate at the Madison Correctional Institution ("MaCI"), brings this action under 42 U.S.C. § 1983 in connection with an alleged attack by defendant Correctional Officer Herren. This matter is now before the Court for the initial screen of the *Complaint* required by 28 U.S.C. §§ 1915(e), 1915A.

Named as defendants in the *Complaint* are defendant Herren as well as the Director of the Ohio Department of Rehabilitation and Correction ("ODRC"), a shift captain and lieutenant at MaCI and an MaCI case manager. Plaintiff alleges that defendant Herren "attacked [plaintiff] in an unnecessarily, aggressive manner." *Id.*, p. 3. Plaintiff complains that defendant Willingham, the shift supervisor of defendant Herren, failed to view videotape footage of the alleged incident in connection with plaintiff's informal complaint, and that defendants Ackley and Chamberlain – members of the use of force committee charged with reviewing the alleged incident - "rendered a

1

biased and truly unfounded disposition. . . ." *Id.*, p. 4. Finally, plaintiff alleges that the defendant Director of the ODRC "failed to discipline" the other defendants. *Id.*

A prison inmate does not have an inherent constitutional right to an effective prison grievance procedure. *Young v. Gundy*, 30 Fed.Appx. 568, 569-70 (6th Cir. 2002), citing *Antonelli v. Sheahan,* 81 F.3d 1422, 1430-31 (7th Cir. 1996). *See also Hewitt v. Helms*, 459 U.S. 460, 467 (1983); *Argue v. Hofmeyer*, 80 Fed.Appx. 427, 430 (6th Cir. 2003); *Keenan v. Marker*, 23 Fed.Appx. 405, 407 (6th Cir. 2001); *Mays v. Wilkinson,* 181 F.3d 102 at *1 (6th Cir. 1999). Prison officials are not obligated to respond to an inmate's grievances in a way satisfactory to the inmate. *Overholt v. Unibase Data Entry, Inc*., 221 F.3d 1335, *3 (6th Cir. 2000). Plaintiff's allegations that defendants Willingham, Ackley and Chamberlain failed to properly investigate or resolve plaintiff's grievance or a use of force inquiry do not, as a matter of law, state a claim under 42 U.S.C. § 1983. The claims against these defendants must therefore be dismissed.

The Court likewise concludes that the claim asserted against the defendant Director of the ODRC must be dismissed. A supervisory official may not be held liable under 42 U.S.C. §1983 for the alleged misconduct of subordinates unless "the plaintiff demonstrates that 'the supervisor encouraged the specific incident of misconduct or in some other way directly participated in it.'" *Combs v. Wilkinson*, 315 F.3f 548, 554 (6th Cir. 2002) quoting *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). "'At a minimum a plaintiff must show that the

official at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct of the offending officers.'"  *Id.*, quoting *Hays v. Jefferson County*, 668 F.2d 869, 874 (6th Cir. 1982).  Liability on the part of a supervisor must be based on "active unconstitutional behavior."  *Id.*, citing *Bass v. Robinson*, 167 F.3d 1041, 1048 (6th Cir. 1999).  Plaintiff's allegation that defendant Mohr "failed to discipline" the other defendants does not meet this standard.

The Court concludes that, at this juncture, the claim against defendant Herren may proceed.  The United States Marshal Service is **DIRECTED** to effect service of process on this defendant, who shall have forty-five (45) days after service of process to respond to the *Complaint*.

It is **RECOMMENDED** that the claims against defendants Mohr, Willingham, Ackley and Chamberlain be **DISMISSED**.

If any party seeks review by the District Judge of this *Report and Recommendation*, that party may, within fourteen (14) days, file and serve on all parties objections to the *Report and Recommendation*, specifically designating this *Report and Recommendation*, and the part thereof in question, as well as the basis for objection thereto.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  Response to objections must be filed within fourteen (14) days after being served with a copy thereof.  Fed. R. Civ. P. 72(b).

The parties are specifically advised that failure to object to

the *Report and Recommendation* will result in a waiver of the right to *de novo* review by the District Judge and of the right to appeal the decision of the District Court adopting the *Report and Recommendation*. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Smith v. Detroit Fed'n of Teachers, Local 231 etc.*, 829 F.2d 1370 (6th Cir. 1987); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

                                              s/Norah McCann King
                                                 Norah M$^c$Cann King
                                      United States Magistrate Judge

DATE: June 20, 2013