**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**LEROY JOHNSON, JR.,**

      **Plaintiff,**

  vs.                                      **Civil Action 2:13-cv-583
Judge Economus
Magistrate Judge King**

**CORRECTIONAL OFFICER HERREN,
*et al.*,**

      **Defendants.**

## OPINION AND ORDER

Plaintiff, an inmate at the Madison Correctional Institution ("MaCI"), brings this action under 42 U.S.C. § 1983 in connection with an alleged attack by defendant Correctional Officer Herren. This matter is now before the Court on plaintiff's *Motion to Compel*, Doc. No. 24.

This action was filed on June 20, 2013. *Complaint*, Doc. No. 4. On that same day, the Court directed the United States Marshal Service to effect service of process on this defendant,[1] who was provided forty-five (45) days after service of process to respond to the *Complaint*. *Order and Report and Recommendation*, Doc. No. 5, p. 3.

Service of process on defendant Herren at MaCI was returned unexecuted with the notation, "No longer employed by State of Ohio." Doc. No. 20, PAGEID#: 66. Thereafter, the Court directed plaintiff,

---

[1] This Court previously dismissed other named defendants, leaving defendant Herren as the sole defendant. *Order*, Doc. No. 8.

1

if he intended to pursue this action, to provide an address at which defendant Herren could be served with process. *Order*, Doc. No. 21. The Court advised plaintiff that he had until November 1, 2013 in which to provide a Marshal's service form reflecting an address for defendant Herren and specifically warned that plaintiff's failure to do so may result in the dismissal of the action for failure to effect service of process. *Id*. (citing Fed. R. Civ. P. 4(m)). Upon plaintiff's motion, this deadline was extended to December 2, 2013. *Order*, Doc. No. 23.

Plaintiff now asks this Court to compel "the Ohio Attorney Generals [sic] Office, Mike Dewine [sic], Attorney General, and Assistant Attorney General, Thomas Miller" "to effect and/or accept substitute service on behalf of" defendant Herren. *Motion to Compel*, p. 1. In support of this request, plaintiff attaches, *inter alia*, a letter authored by him directed to an institutional inspector. *Id*. at PAGEID#: 75-76. In that letter, plaintiff asks that defendant Herren's personal address be sent to the Court in order to effect service of process on this defendant. *Id*. at PAGEID#: 75. In response, plaintiff was advised that "[t]he US district court has the ability to locate and serve Officer Herren papers." *Id*.

Rule 4(m) of the Federal Rules of Civil Procedure provides that a court "must dismiss the action without prejudice against [a] defendant or order that service be made within a specified time" if a plaintiff does not effect service of process within 120 days of the filing of the complaint. However, if a plaintiff who does not complete service

within this time period establishes good cause for that failure, the court "must extend the time for service for an appropriate period." *Id. See also Nafziger v. McDermott Int'l, Inc.*, 467 F.3d 514, 521 (6th Cir. 2006) ("Dismissal of the action 'shall' follow unless the 'plaintiff shows good cause' for failure to meet the 120-day deadline.") (citing Fed. R. Civ. P. 4(m)).  Determining whether good cause has been shown is left to the discretion of the district court. *Nafziger*, 467 F.3d at 521.

The United States Court of Appeals for the Sixth Circuit has addressed the difficulty in effecting service of process that may confront a plaintiff inmate proceeding *in forma pauperis*:

> The plaintiff generally bears responsibility for appointing an appropriate person to serve a copy of his complaint and the summons upon a defendant. Fed. R. Civ. P. 4(c)(1). The appointed person is usually a commercial process server plaintiff has contracted with to effectuate service for a fee.  In the case of a plaintiff proceeding in forma pauperis, however, the assumption is that, because the plaintiff cannot pay fees and costs, it is likely the plaintiff cannot afford to hire a process server. *Welch v. Folsom*, 925 F.2d 666, 668 (3d Cir. 1991).  For this reason, 28 U.S.C. § 1915(c) provides that the officers of the court "shall issue and serve all process" when a plaintiff is proceeding *in forma pauperis*.  Fed. R. Civ. P. 4(c)(2) dovetails with § 1915(c) by providing that the court must appoint a United States Marshal to serve plaintiff's process "when the plaintiff is authorized to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915."  Together, Rule 4(c)(2) and 28 U.S.C. § 1915(c) stand for the proposition that when a plaintiff is proceeding *in forma pauperis* the court is obligated to issue plaintiff's process to a United States Marshal who must in turn effectuate service upon the defendants, thereby relieving a plaintiff of the burden to serve process once reasonable steps have been taken to identify for the court the defendants named in the complaint.

*Byrd v. Stone*, 94 F.3d 217, 219 (6th Cir. 1996) (finding good cause

for plaintiff proceeding *in forma pauperis* where clerk failed to issue a summons and appoint a Marshal and Marshal's Service advised that service was taken care of, but actually failed to serve defendant with process).

More recently, the Sixth Circuit has recognized that "'[o]ther circuits have held that a plaintiff has shown 'good cause' for purposes of a dismissal pursuant to Rule 4(m) when a United States Marshal has failed to properly serve process through no fault of the plaintiff.'" *Owens v. Riley*, No. 11-1392, 2012 U.S. App. LEXIS 4560, at *10 (6th Cir. Jan. 6, 2012) (quoting *Rance v. Rocksolid Granit USA, Inc*. 583 F.3d 1284, 1287 (11th Cir. 2009)). "A plaintiff using the U.S. Marshal's Service for service of process 'must provide sufficient information to identify the defendant with 'reasonable effort.'" *Id*. (quoting *Danik v. Housing Auth. of Baltimore City*, No. 09-2240, 396 Fed. Appx. 15, 16 (4th Cir. Sept. 15, 2010) (*per curiam*) (affirming, *inter alia*, district court's grant of an extension of time to correct error where pro se plaintiff provided incorrect address to Marshal's Service)).

Although not discussed in detail, *Owens* also cites to *Graham v. Satkowski*, 51 F.3d 710, 713 (7th Cir. 1995). *Id*. at *11. In *Graham*, the court stated that, in the case of a prisoner plaintiff, "the prisoner need furnish the Marshals Service only with information necessary to identify the defendants. . . .[O]nce the former prison employee is properly identified, the Marshals Service should be able to ascertain the individual's current address and, on the basis of

4

that information, complete service." *Graham*, 51 F.3d at 713 (citing *Sellers v. United States*, 902 F.2d 598 (7th Cir. 1990)). Under *Graham*, "the prisoner may rely on the Marshals Service to serve process, and the Marshals Service's failure to complete service is automatically 'good cause' to extend time for service under Rule 4(m)." *Id*.

However, in remanding the case to the District Court, the *Graham* court ordered that the Marshal's Service's failure to serve process established good cause under Rule 4(m) only "[i]f the Marshals Service could have obtained the new addresses of the defendants with reasonable efforts[.]" *Id*. (emphasis added). *See also Richardson v. Johnson*, 598 F.3d 734 (11th Cir. Mar. 2, 2010) (vacating dismissal of pro se inmate plaintiff's claims against defendant for failure to serve under Rule 4(m) and remanding "for a determination whether [defendant] McNealy can be located with reasonable effort. If so, McNealy must be served; otherwise, the district court properly dismissed Richardson's claim against McNealy"); *Greene v. Holloway*, No. 99-7380, 210 F.3d 361 (table), 2000 U.S. App. LEXIS 4475, at *3-4 (4th Cir. Mar. 22, 2000) (remanding case for the district court to evaluate whether the Marshal's Service could have served the defendant, whom the pro se plaintiff identified by name, badge number, and last known place of employment, with "reasonable effort").

Although the Sixth Circuit has not described what "reasonable efforts" or "reasonable steps" the Marshal's Service should take in order to locate a defendant for purposes of effecting service of

5

process, some courts have addressed this issue in the context of inmate plaintiffs attempting to serve medical personnel employed through a private contractor that provides health care services at a state prison. *See*, *e.g.*, *Tran v. Illinois Dep't of Corr.*, Civil No. 09-302, 2011 U.S. Dist. LEXIS 13145 (S.D. Ill. Feb. 10, 2011); *Cherry v. Berge*, No. 02-C-394-C, 2003 WL 23204656 (W.D. Wis. Feb. 13, 2003). Under that line of authority, "[r]easonable efforts require only that the marshals service use a public Internet website to search for a defendant's address and, if possible, contact the former employee's employer to obtain a forwarding address if the employer is willing to give it." *Cherry*, 2003 WL 23204565, at *3. *See also Tran*, 2011 U.S. Dist. LEXIS 13145, at *5-6 (same). Importantly, these courts do not require that the Marshal's Service "'be a private investigator for civil litigants or that [a Deputy Marshal] [] use software available only to law enforcement officers to discover addresses for defendants whose whereabouts are not discoverable through public records.'" *Tran*, 2011 U.S. Dist. LEXIS 13145, at *6 (quoting *Cherry*, 2003 WL 23204565, at *3).

Therefore, the Marshal's Service discharges its duty to take "reasonable efforts" to try to effect service of process by conducting an internet search and contacting a defendant's former employer, even if that search is ultimately unsuccessful. *Id*. at *7-8 (dismissing claims against a defendant, without prejudice, for failure to effect service of process where, *inter alia*, neither a search of the internet nor contact with that defendant's former employer enabled the

Marshal's Service to serve defendant).  Finally, in the event that the Marshal's Service is able to obtain a defendant's personal address, the Marshal's Service "should take great care to maintain that address in confidence rather than reveal it on the marshals service form, copies of which are filed in the court's public file and mailed to the prisoner."  *Cherry*, 2003 WL 23204565, at *4.

In this case, as the Court noted *supra*, the Marshal's Service attempted to serve defendant Herren at MaCI by certified mail, but the summons was returned unexecuted with the notation, "No longer employed by State of Ohio."  Doc. No. 20, PAGEID#: 66.  Since that time, plaintiff has made some attempt to locate and serve defendant Herren. *See*, *e.g.*, *Motion to Compel*, PAGEID#: 75.  Under the particular facts of this case and in an excess of caution, the Court concludes that good cause exists for an additional extension of time to permit the Marshal's Service to make a reasonable effort to locate and serve defendant Herren.  *See Owens*, 2012 U.S. App. LEXIS 4560, at *10.  *Cf*. *Dempsey v. Elmore*, No. CV407-141, 2010 U.S. Dist. LEXIS 65845, at *2-3 (S.D. Ga. April 7, 2010) (directing Marshal's Service, after failing to effect service of process by mail, to attempt personal service upon the defendant and, if service at that address failed, to "take reasonable steps to locate [the defendant] and perfect service").  In reaching this conclusion, the Court notes that the prison institution specifically invited this inquiry.  *See Motion to Compel*, PAGEID#: 75.

7

**WHEREUPON**, plaintiff's *Motion to Compel*, Doc. No. 24, is **GRANTED in part.** The Clerk is **DIRECTED** to furnish to the United States Marshal's Service a summons and copy of the *Complaint*, Doc. No. 4, for service on defendant Correctional Officer Herren.

The United States Marshal's Service is **DIRECTED** to take reasonable steps to locate defendant Herren's current address; specifically, the Marshal's Service shall, over the course of the next 45 days, conduct a public internet search for defendant Herren's current address and make inquiry of defendant Herren's former employer, MaCI, for the last known address of defendant Herren and attempt to perfect service of process on this defendant.

If the Marshal's Service is able to locate and serve defendant Herren at his personal residence, the Marshal's Service shall file proof of service **UNDER SEAL**. If, despite reasonable effort as described in this *Opinion and Order*, the Marshal's Service is unable to locate and serve defendant Herren within 45 days from the date of this *Opinion and Order*, it shall file the Process Receipt and Return, Form USM-285, describing in the "Remarks" section of that document the steps that it took to attempt to effect service of process on defendant Herren.

Finally, plaintiff is **ADVISED** that if the Marshal's Service is unable, despite its reasonable efforts, to locate and serve defendant Herren, the Court will issue an order requiring plaintiff to show good cause why plaintiff's claims against this defendant should not be dismissed, without prejudice pursuant to Fed. R. Civ. P. 4(m), for

failure to effect service of process.

December 9, 2013                              *s/Norah McCann King*
                                             Norah M<sup>c</sup>Cann King
                                          United States Magistrate Judge