IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION


**LEROY JOHNSON, JR.,**

       **Plaintiff,**

  vs.                                  **Civil Action 2:13-cv-583**
                                                  **Judge Economus**
                                                  **Magistrate Judge King**

**OHIO DEPARTMENT OF
REHABILITATION AND CORRECTIONS,**
*et al.***,**

       **Defendants.**


**ORDER AND
REPORT AND RECOMMENDATION**

Plaintiff, an inmate at the Madison Correctional Institution ("MaCI"), brings this action under 42 U.S.C. § 1983 in connection with an alleged attack by defendant Correctional Officer Chris Herren.[1] This matter is now before the Court on plaintiff's motion for polygraph tests, ECF 41, and on the parties' cross-motions for summary judgment. *Defendant's Motion for Summary Judgment*, ECF 37 ("*Defendant's Motion*"), and *Plaintiff's Motion for Summary Judgment*, ECF 39 ("*Plaintiff's Motion*").

**I. BACKGROUND**

On October 19, 2012, defendant and two other correctional officers "were conducting searches of inmates as" the inmates left a dining hall at MaCI. *Declaration of Chris Herren*, ¶¶ 2-3, attached as

---

[1] This Court previously dismissed all other named defendants. *See Order and Report and Recommendation*, ECF 5; *Order*, ECF 8 (adopting recommended dismissal).

1

*Exhibit A* to *Defendant's Motion* ("*Herren Declaration*"). According to defendant, "[t]his is a normal search that is conducted of most inmates as they leave the dining hall. The searches are intended to deter inmates from stealing food." *Id*. at ¶ 3.

When plaintiff exited the dining hall, defendant ordered plaintiff to stop and be searched. *Id*. at ¶ 4. More specifically, defendant ordered plaintiff to face and place his arms on the wall. *Id*. at ¶ 5. Although the parties dispute exactly what happened next, they both apparently agree that defendant ultimately employed an "arm bar hold" on plaintiff, which involved defendant placing his right hand on plaintiff's right wrist and defendant's left hand on plaintiff's upper right arm by his tricep and extending plaintiff's right arm so that it was parallel to his torso. *Id*. at ¶ 8; *Complaint*, ECF 4, p. 3.[2] Defendant then used some degree of force to place plaintiff on the ground in a prone position. *Herren Declaration*, ¶ 8; *Complaint*, p. 3. While plaintiff remained on the ground, defendant and another corrections officer placed plaintiff in handcuffs. *Herren Declaration*, ¶ 9. Plaintiff was escorted out of the area. *Id*.

Later that day, a nurse examined plaintiff. *Exhibit B*, at PAGEID#:143 (document entitled "Medical Exam Report"). During the medical exam, plaintiff reported that a corrections officer "put me on the ground." *Id*. The examination revealed an abrasion on plaintiff's right elbow with "no redness, bruising or injuries noted." *Id*. No

---

[2] The *Complaint* is verified. *See id*. at 4.

other injuries were reported and no medical treatment was administered.  *Id.; Exhibit C*, p. 8 (plaintiff's answers to Interrogatory Nos. 7 and 8), attached to *Defendant's Motion*.

In accordance with a policy promulgated by the Ohio Department of Rehabilitation and Correction ("ODRC"), ODRC Policy 63-UOF-03, a committee investigated defendant's use of force against plaintiff on October 19, 2012.  *Id*. at ¶ 10; *Exhibit B*, at PAGEID#:131 (document entitled, "Use of Force Committee Report" dated November 19, 2012), PAGEID#:156 (certification of authenticity), attached to *Defendant's Motion*.  The committee concluded that defendant's use of force had been justified and was neither inappropriate and/or excessive. *Exhibit B*, at PAGEID#:131, PAGEID#:133-PAGEID#:134 (documents regarding the committee's and deputy warden's review of defendant's use of force).  The Warden concurred with the committee's findings and did not discipline defendant.  *Id*. at PAGEID#:131.

Thereafter, plaintiff filed this action, alleging that defendant had violated plaintiff's rights by using excessive force against him. *Complaint*.  The parties have filed cross-motions for summary judgment that are now at issue.  Plaintiff has also filed a motion asking that polygraph tests be administered to the parties, ECF 41. The Court will address that motion first.

## II.   MOTION FOR POLYGRAPH TESTS

Plaintiff asks defendant Herren to voluntarily take a polygraph test or, in the alternative, seeks an order compelling defendant to submit to such a test.  ECF 41, p. 1.  *See also* plaintiff's reply in

support of his motion, ECF 49. Plaintiff represents that he is willing to take a polygraph test in order to establish his truthfulness. ECF 41, p. 1. Defendant opposes plaintiff's motion for polygraph tests, responding that he will not voluntarily undergo a polygraph examination and that this Court lacks authority to order such a test. ECF 48. In reply, plaintiff insists that "the federal rules" authorize polygraph testing as "necessary in civil actions[.]" ECF 49 (citing Fed. R. Civ. P. 26(a), (e) and *Calbillo v. Cavender Oldsmobile,Inc*., No. SA-99-CA-85-FB, 2000 U.S. Dist. LEXIS 20939 (W.D. Tex. Sept. 29, 2000)).

Plaintiff's arguments are not well-taken. As an initial matter, plaintiff's motion, which is apparently intended to disclose information, is essentially a discovery motion. However, the opportunity for discovery in this action closed on July 31, 2014. *Order*, ECF 31, p. 1. Plaintiff's motion, filed on September 30, 2014, is therefore untimely and plaintiff has not established the necessary good cause for his untimely request. *See*, *e.g.*, Fed. R. Civ. P. 16(b)(4) (requiring good cause and the judge's consent to modify a case schedule); *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 625 (6th Cir. 2002) ("'The primary measure of Rule 16's 'good cause' standard is the moving party's diligence in attempting to meet the case management order's requirements.'") (quoting *Bradford v. DANA Corp.*, 249 F.3d 807, 809 (8th Cir. 2001)).

More significant, however, is the fact that plaintiff has pointed to no persuasive authority for his request to compel a party to

4

undergo a polygraph examination. *See*, *e.g.*, *Sango v. Johnson*, No. 13-12808, 2014 U.S. Dist. LEXIS 130401, at *6 (E.D. Mich. May 22, 2014) ("The Federal Rules of Civil Procedure do not provide for discovery in the form of compelling polygraph examinations of parties or other individuals, and Sango has provided the Court with no other valid basis for ordering one in this case."), *adopted by Sango v. Johnson*, No. 13-12808, 2014 U.S. Dist. LEXIS 129939 (S.D. Ohio Sept. 17, 2014). The facts presented in the case to which plaintiff refers are inapposite. *See Calbillo*, 2000 U.S. Dist. LEXIS 20939, at *8-9 (detailing that, prior to the filing of the action, the defendant employer had demanded that the plaintiff employee submit to a polygraph test and fired the employee after he allegedly failed the test). Plaintiff's reliance on Fed. R. Civ. P. 26(a) and (e), which address required disclosures and supplementing disclosures and responses, is equally unavailing. Although the Federal Rules of Civil Procedure establish tools for obtaining discovery through a party's sworn testimony, *see*, *e.g.*, Fed. R. Civ. P. 30 (depositions by oral examination), 31 (deposition by written questions), 33 (interrogatories) and 36 (requests for admission), compulsory polygraph tests are not among those tools.

Plaintiff's motion also asks this Court to arrange a polygraph test for plaintiff in order "to prove that he is telling the true [sic]." ECF 41, p. 1. Plaintiff had the opportunity to submit an affidavit or declaration detailing his sworn testimony. Indeed, plaintiff's verified *Complaint* constitutes such a document. The

results of a polygraph test, which are not always admissible in evidence, are not critical to the presentation of a party's claims. *Cf. Wolfel v. Holbrook*, 823 F.2d 970, 972 (6th Cir. 1987) ("Generally, in the absence of an agreement and/or stipulation between the parties to the contrary, results of polygraph examinations are inadmissible into evidence."). For all these reasons, plaintiff's motion for polygraph tests, ECF 41, is **DENIED**.

**III. MOTIONS FOR SUMMARY JUDGMENT**

    **A.  Standard**

Both parties have also moved for summary judgment. The standard for summary judgment is well established. This standard is found in Rule 56 of the Federal Rules of Civil Procedure, which provides in pertinent part:

> The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.

Fed. R. Civ. P. 56(a). In making this determination, the evidence must be viewed in the light most favorable to the non-moving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144 (1970). Summary judgment will not lie if the dispute about a material fact is genuine, "that is, if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986). However, summary judgment is appropriate if the opposing party fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial. *Celotex Corp. v.*

*Catrett,* 477 U.S. 317, 322 (1986). The mere existence of a scintilla of evidence in support of the opposing party's position will be insufficient; there must be evidence on which the jury could reasonably find for the opposing party. *Anderson,* 477 U.S. at 251.

The party moving for summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the record which demonstrate the absence of a genuine issue of material fact. *Catrett,* 477 U.S. at 323. Once the moving party has met its initial burden, the burden then shifts to the nonmoving party who "must set forth specific facts showing that there is a genuine issue for trial." *Anderson,* 477 U.S. at 250 (quoting former Fed. R. Civ. P. 56(e)); *Talley v. Bravo Pitino Restaurant, Ltd.,* 61 F.3d 1241, 1245 (6th Cir. 1995)("nonmoving party must present evidence that creates a genuine issue of material fact making it necessary to resolve the difference at trial"). "Once the burden of production has so shifted, the party opposing summary judgment cannot rest on the pleadings or merely reassert the previous allegations. It is not sufficient to 'simply show that there is some metaphysical doubt as to the material facts.'" *Glover v. Speedway Super Am. LLC,* 284 F. Supp.2d 858, 862 (S.D. Ohio 2003)(citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)). Instead, the non-moving party must support the assertion that a fact is genuinely disputed. Fed. R. Civ. P. 56(c)(1).

In ruling on a motion for summary judgment "[a] district court is not ... obligated to wade through and search the entire record for

7

some specific facts that might support the nonmoving party's claim." *Glover,* 284 F. Supp.2d at 862 (citing *InteRoyal Corp. v. Sponseller,* 889 F.2d 108, 111 (6th Cir. 1989)). Instead, a "court is entitled to rely, in determining whether a genuine issue of material fact exists on a particular issue, only upon those portions of the verified pleadings, depositions, answers to interrogatories and admissions on file, together with any affidavits submitted, specifically called to its attention by the parties." *Id. See also* Fed. R. Civ. P. 56(c)(3).

    **B.   Discussion**

    Plaintiff brings his claim of excessive force against defendant under 42 U.S.C. § 1983, which provides in pertinent part:

> Every person who under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. . . .

42 U.S.C. § 1983. To succeed on a claim under § 1983, a plaintiff must establish that a person acting under color of state law deprived him of his rights secured by the Constitution of the United States or its laws. *Waters v. City of Morristown*, 242 F.3d 353, 358-59 (6th Cir. 2001). Because § 1983 is a method for vindicating federal rights, and is not itself a source of substantive rights, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

8

For an inmate convicted of a criminal offense, "the Eighth Amendment [to the United States Constitution] . . . serves as the primary source of substantive protection . . . where the deliberate use of force is challenged as excessive and unjustified." *Whitley v. Albers*, 475 U.S. 312, 327 (1986). Accordingly, it is the Eighth Amendment that governs plaintiff's claims.

An Eighth Amendment excessive force claim entails both an objective and a subjective component. *Wilson v. Seiter*, 501 U.S. 294, 298 (1991). The defendant must have acted with a sufficiently culpable state of mind and the alleged wrongdoing must have been objectively harmful enough to establish a constitutional violation. *Hudson v. McMillian*, 503 U.S. 1, 8 (1992). The plaintiff-prisoner must show that the defendant acted "'maliciously and sadistically for the very purpose of causing harm,'" rather than "'in a good faith effort to maintain or restore discipline.'" *Id*. at 6 (quoting *Whitley v. Albers,* 475 U.S. at 320-21). Specifically, the plaintiff-prisoner must demonstrate, *inter alia*, actual physical injury that is more than *de minimis*. *Hudson*, 503 U.S. at 9 – 10; *Richmond v. Settles*, 450 Fed. Appx. 448 (6th Cir. Dec. 2, 2011)(No Eighth Amendment violation where medical report reflected "small superficial abrasions" without "redness, swelling, heat or abrasion").

In the case presently before the Court, there is no evidence that plaintiff suffered more than a *de minimis* injury. The medical examination, conducted on the same day as defendant's alleged use of force, revealed only an abrasion on plaintiff's right elbow with "no

9

redness, bruising or injuries noted." *Exhibit B*, at PAGEID#:143.  *See also Exhibit C*, p. 8 (responding "None" to defendant's Interrogatory No. 7, which asked plaintiff to identify all physical injuries). Plaintiff received no medical treatment for this abrasion.  *Exhibit B*, at PAGEID#:143; *Exhibit C*, p. 8.  Because the uncontroverted record establishes, at most, a *de minimis* physical injury, plaintiff's Eighth Amendment claim must fail.

**WHEREUPON**, plaintiff's motion for polygraph tests, ECF 41, is **DENIED**.  It is **RECOMMENDED** that *Defendant's Motion for Summary Judgment*, ECF 37, be **GRANTED** and that *Plaintiff's Motion for Summary Judgment*, ECF 39, be **DENIED** and that this action be dismissed.

If any party seeks review by the District Judge of this *Report and Recommendation*, that party may, within fourteen (14) days, file and serve on all parties objections to the *Report and Recommendation*, specifically designating this *Report and Recommendation*, and the part thereof in question, as well as the basis for objection thereto.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  Response to objections must be filed within fourteen (14) days after being served with a copy thereof.  Fed. R. Civ. P. 72(b).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to *de novo* review by the District Judge and of the right to appeal the decision of the District Court adopting the *Report and Recommendation.*

*See Thomas v. Arn*, 474 U.S. 140 (1985); *Smith v. Detroit Fed'n of Teachers, Local 231 etc.*, 829 F.2d 1370 (6th Cir. 1987); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).


November 6, 2014                    *s/Norah McCann King*
                                    Norah M<sup>c</sup>Cann King
                                    United States Magistrate Judge