IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**LEROY JOHNSON, JR.,**

    **Plaintiff,**

  v.

**OHIO DEPARTMENT OF REHABILITATION AND CORRECTIONS,** *et al.*

    **Defendants.**

**Case No. 2:13-cv-583**

**Judge Peter C. Economus**

**ORDER**

Plaintiff Leroy Johnson, an Ohio inmate at the Madison Correctional Institution, brought this case alleging that Defendant Correctional Officer Herren attacked Plaintiff, and the other defendants failed to investigate the matter appropriately. On August 6, 2013, the Court dismissed all claims except those against Defendant Herren. (Doc. 8.) This matter is now before the Court for consideration of Plaintiff's request for appointment of counsel and objections (doc. 52) to the Magistrate Judge's Report and Recommendation (doc. 50) recommending that the Court grant Defendant Herren's motion for summary judgment (doc. 37), deny Plaintiff's motion for summary judgment (doc. 39), and dismiss this case.

## I.    <u>Request for Counsel</u>

As an initial matter, Plaintiff's objections contain a request for the appointment of counsel. Plaintiff's previous motions for appointment of counsel were denied without prejudice due to the early stage of litigation. (Docs. 17, 36.) Because the Court finds that Plaintiff's claim has no merit, this request is **DENIED**. *See Henry v. City of Detroit Manpower Dep't*, 763 F.2d 757, 760 (6th Cir. 1985) (in considering a request to appoint counsel, the court should consider whether the plaintiff's claim appears to have any merit, among other factors).

## II. Objection to Dismissal on Summary Judgment

Plaintiff fails to object to any specific issue or finding in the Report and Recommendation. *See Smith v. Detroit Fed'n of Teachers Local 231, Am. Fed'n of Teachers, AFL-CIO*, 829 F.2d 1370, 1373 (6th Cir. 1987) ("only those specific objections to the magistrate's report made to the district court will be preserved for appellate review"). Nonetheless, the Court has reviewed the record *de novo* in accordance with 28 U.S.C. § 636(b)(1)(B), and finds that there is no genuine issue as to any material fact and that Defendant is entitled to judgment as a matter of law.

### A. Standard

Summary judgment is proper "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ P. 56(c)(2). The court must "view the evidence and draw all reasonable inferences therefrom in the light most favorable to the non-moving party." *Little v. BP Exploration & Oil Co.*, 265 F.3d 357, 361 (6th Cir. 2001) (citing *Williams v. Int'l Paper Co.*, 227 F.3d 706, 710 (6th Cir. 2000)). "Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge . . . The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *accord Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 556–57 n.7 (6th Cir. 2000).

The central issue is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251–52. "[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those

portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quoting FED. R. CIV. P. 56 (c)). For a dispute to be genuine, the evidence must be such that "a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248.

    **B.**    <u>**Analysis**</u>

An Eighth Amendment excessive force claim includes both subjective and objective components. First, regarding Defendant's subjective state of mind, Plaintiff must show that Defendant applied force "maliciously and sadistically to cause harm," rather than "in a good-faith effort to maintain or restore discipline." *Cordell v. McKinney*, 759 F.3d 573, 580 (6th Cir. 2014) (quoting *Hudson v. McMillian*, 503 U.S. 1, 7 (1992)). "Second, [t]he objective component requires the pain inflicted to be sufficiently serious." *Id.* (quoting *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (internal quotation marks omitted)). The objective "component requires a contextual investigation, one that is responsive to contemporary standards of decency." *Id.* (quoting *Hudson*, 503 U.S. at 8) (internal quotation marks omitted).

As the Sixth Circuit explained in *Cordell*, the Supreme Court recently held in *Wilkins v. Gaddy* that, "[w]hile the extent of a prisoner's injury may help determine the amount of force used by the prison official, it is not dispositive of whether an Eighth Amendment violation has occurred." *Cordell*, 759 F.3d at 580–81 (citing *Wilkins v. Gaddy*, 559 U.S. 34, 37 (2010)). "When prison officials maliciously and sadistically use force to cause harm," contemporary standards of decency "always are violated . . . whether or not significant injury is evident." *Hudson*, 503 U.S. at 9; *Cordell*, 759 F.3d at 581. Therefore, Plaintiff's failure to show more than a *de minimis* physical injury is not, by itself, fatal to his claim.

However, the Court finds that the record contains no evidence that Plaintiff can satisfy either the subjective or objective component of his claim. It is undisputed that, during a search of

3

inmates exiting the dining hall, Plaintiff and Defendant were involved in a confrontation, and Defendant used some amount of force to put Plaintiff on the ground. Another officer then handcuffed Plaintiff. (Doc. 37 at 2 (citing Declaration of Chris Herren); doc. 39 at 2.)

Plaintiff has submitted no evidence that Defendant used force "maliciously and sadistically to cause harm," or that the pain inflicted was sufficiently serious to violate contemporary standards of decency. To support his motion, Plaintiff submitted (1) affidavits from two other inmates, neither of whom witnessed the incident; (2) Plaintiff's conduct report records, which show that he was convicted of a rule violation from this incident; and (3) records of Plaintiff's extensive use of the prison's grievance system, which demonstrate only that he filed grievances, and do not provide evidence that their content is accurate. (Doc. 39 at 8–68; *see Winfrey v. Cermak Health Servs. of Cook Cnty.*, No. 07 C 3255, 2009 WL 498014, at *4 (N.D. Ill. Feb. 24, 2009).)

Plaintiff submitted no sworn statements of his own, and cannot rely on allegations in unsworn filings. *See Maston v. Montgomery Cnty. Jail Med. Staff Pers.*, 832 F. Supp. 2d 846, 851 – 52 (S.D. Ohio 2011) (citing *Viergutz v. Lucent Technologies, Inc.*, 375 F. App'x 482, 485 (6th Cir. 2010)). Even considering Plaintiff's unsworn statements, however, his story appears to indicate that he failed to comply with Defendant's instructions, questioned Defendant's authority, or both. (Doc. 39 at 2 ("[Plaintiff] told [Defendant] that all he had to do is ask [Plaintiff] to show him his diet snack"; "now because [Plaintiff] would not quit because [Defendant] was talke disrespectful to inmate") (sic)).

Moreover, a medical exam of Plaintiff after the incident revealed no injuries except an abrasion on his elbow (doc. 37-2 at 13), and Plaintiff stated in an interrogatory response that he did not receive any injuries (doc. 37-3 at 8).

Because Plaintiff has submitted no evidence showing that Defendant either (1) used force "maliciously and sadistically to cause harm" or (2) inflicted pain sufficiently serious to violate

4

contemporary standards of decency, the Court finds that there is no genuine issue as to any material fact and that Defendant is entitled to judgment as a matter of law.[1]

### III. Conclusion

For the reasons stated above, the Court **DENIES** Plaintiff's request for the appointment of counsel, **ADOPTS** the Magistrate Judge's Report and Recommendation (doc. 50), **GRANTS** Defendant Herren's motion for summary judgment (doc. 37), **DENIES** Plaintiff's motion for summary judgment (doc. 39), and **DISMISSES** this case. The Court directs the Clerk to enter judgment.

**IT IS SO ORDERED.**

UNITED STATES DISTRICT JUDGE

---

[1] Because Plaintiff has not shown a violation of a constitutionally protected right, the Court need not further analyze the application of qualified immunity. *See Cass v. City of Dayton*, 770 F.3d 368, 374 (6th Cir. 2014) (citing *Saucier v. Katz*, 533 U.S. 194, 201–02 (2001)); *Williams v. Mehra*, 186 F.3d 685, 691 (6th Cir. 1999); *Mattox v. City of Forest Park*, 183 F.3d 515, 520 (6th Cir. 1999) (before deciding whether qualified immunity applies, a court must first answer the threshold inquiry of whether the plaintiff sufficiently alleges violation of a protected right; where the plaintiff has failed to allege a constitutional violation, such failure is fatal to her case); *see also Pearson v. Callahan*, 555 U.S. 223, 236 (2009) (holding that courts may "exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand").